# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.    Case No. 21-mj-02061-DPR

**ANDREW A. MITCHELL,**

    **Defendant.**

## MOTION OF THE UNITED STATES FOR PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community and the appearance of the defendant. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of possession with the intent to distribute 1, 4 Butanediol, in violation of Title 21, United States Code, Sections 813 and 841(a)(1) and (b)(1)(C) and possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with possession with the intent to distribute 1, 4 Butanediol, in violation of Title 21, United States Code, Sections 813 and 841(a)(1) and (b)(1)(C), a crime for which the highest possible term of imprisonment is a term of not more than 20 years.

Accordingly, upon a showing that there exists probable cause that the defendant committed the offense referred to in the complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988). Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act, as referred to above. Under the Bail Reform Act, there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

Since May 2021, the Federal Bureau of Investigation ("FBI") has been investigating a darknet vendor with the name Truenextday ("TND"). The FBI was able to connect the TND vendor profile to the defendant in this case and determined that the defendant was selling drugs

from his vendor profile, including 1,4 Butanediol. 1,4 Butanediol is an analogue drug for the date rape drug Gamma Hydroxybutyrate ("GHB"). On October 6, 2021, FBI Special Agent Michael Hart obtained a warrant for the defendant's home. On October 7, 2021, the United States Postal Inspection Service delivered a previously intercepted package to the defendant's home that had been found to contain 1.4 Butanediol. After the defendant took the package inside, the warrant was executed. When officers entered, the defendant had the box that had been delivered open and his computer had the TND vendor profile up on the monitor. The defendant admitted he possessed the drugs for sale through his vendor profile. The defendant also admitted to having a firearm in a locked safe in his bedroom. The defendant has multiple felony convictions and admitted he knew it was illegal for him to possess a firearm.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

By  */s/ Josephine L. Stockard*
Josephine L. Stockard, MO Bar #63956
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

## Certificate of Service

     The undersigned hereby certifies that a copy of the foregoing was delivered on October 12, 2021, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                           */s/ Josephine L. Stockard*
                                           Josephine L. Stockard
                                           Assistant United States Attorney